STATE v. JESSE BOWDEN.

(Filed 13 March, 1918.)

### 1. Criminal Law—Confessions—Evidence—Custody.

Confessions made by the prisoner charged with a criminal offense, voluntarily and free from coercive influences, are properly admitted as evidence against him upon the testimony of a witness; and the fact that they were made while in the custody of an officer does not alone render them incompetent.

### 2. Burglary—Rape—Intent—Evidence—Criminal Law.

Upon trial for burglary in the first degree evidence is sufficient to show the prisoner's intent to commit rape at the time of breaking into the dwelling, which tends to show that the prisoner entered the room in which the daughter of the owner was sleeping, placed his hand upon her person, and secreted himself beneath her bed when the alarm was given.

### 3. Same—Instructions—Appeal and Error—Reversible Error.

A charge, on a trial for burglary in the first degree, which reiterates and emphasizes that the entry into the dwelling by the prisoner must have been with the intent to commit rape, will not constitute reversible error because from an expression in one part it may be inferred that the prisoner would be guilty of the offense charged if such intent had been formed afterwards.

### 4. Burglary—Instructions—Rape—Intent—Acquiescence.

Where the judge has charged the jury that the prisoner, on trial for burglary in the first degree, must have had the intent to have carnal intercourse with the female forcibly and against her will; and that the act must have been conceived with a felonious intent, is not objectionable upon the ground that this included a purpose of having intercourse with her consent, under the evidence in this case.

INDICTMENT for burglary, tried before *Calvert, J.,* at September Term, 1917, of CRAVEN.

The defendant was convicted of burglary in the first degree and from the sentence of death appealed.

*Attorney-General Manning and Assistant Attorney-General Sykes for the State.*
*Ward & Ward for defendant.*

BROWN, J. The defendant is charged in the bill with a burglarious entry into the dwelling house of one W. A. Wilson, with intent to ravish Evelyn and Mary Edna Wilson, his daughters.

The two exceptions to the evidence are taken to the admission of confessions to one Wood by the defendant while in custody and on the way to prison.

The usual preliminary examination of the witness was taken as to the circumstances under which the confessions were made, and it appears clearly that no threats were used, no inducements offered and no compulsion exercised in order to secure them. It is manifest that if the witness is believed the confessions were voluntary. The voluntary confessions of a person charged with crime are not only competent, but are regarded as a high class of evidence. The judges should be careful to see that they are voluntary and free from coercive influences.

The objection that defendant was in custody of an officer and on the way to prison is not alone sufficient to render the confessions incompetent. *S. v. Johnston,* 76 N. C., 209; *S. v. Horner,* 139 N. C., 603.

The motion to nonsuit the State as to the charge of burglary in the first degree was properly overruled.

There is abundant evidence tending to prove that the defendant and one Lee Perkins entered the residence of W. A. Wilson on the night of 19 August, 1917, by removing a window sash, that they made their way to the rooms where his daughters were sleeping, that Perkins put his hands upon the bosom and limbs of a young daughter, Ruth, that she called out for her father, that this defendant was in the room where Mary Edna and Evelyn were in bed and when about to be detected secreted himself under their bed and was then discovered and shot at by the father.

The State's evidence tends to prove every essential element of burglary in first degree. The ground upon which the motion is based is that there is no evidence of an intent to commit rape upon Evelyn or Edna Wilson.

The defendant was caught in the sleeping room and under the bed of his intended victims. His companion had evidently commenced to carry out his purpose upon Ruth in the adjoining room when her cries frightened defendant and he crawled under the bed. From this evidence and the circumstances surrounding defendant, it would be difficult to draw any other conclusion than that the intent of defendant and his

companion was to commit rape. This is too manifest to need discussion.

The defendant excepts to the following part of the charge: "Now, if you find beyond a reasonable doubt from the evidence that at the time he broke and entered that house, if you find beyond a reasonable doubt that he did break and enter, that he had felonious intent or purpose of having carnal intercourse with either one of these girls, it would be burglary in the first degree, although he may have gone into the house for some other reason and after entering formed the purpose of having that carnal intercourse with either of the girls, forcibly and against their wills."

We are not impressed by the criticism that the words imply that the defendant may be convicted although his purpose was to have sexual intercourse but not forcibly and against will. The entire charge negatives that position. The judge repeatedly told the jury that the intent must have been to have carnal intercourse with one of the females "forcibly and against her will," and that the act must have been perpetrated with a "felonious intent."

The concluding part of the instruction excepted to may be erroneous, standing alone, as the authorities agree that the felonious intent must exist at the time of breaking and entering, but a review of the entire charge clearly demonstrates that the jury could not have been misled by the inadvertence of the judge. The evidence clearly shows beyond dispute that the intent existed when the defendant broke and entered the house.

If we thought it possible that the jury could have been misled by this error, we would without hesitation grant a new trial. But a review of the entire charge, as well as the evidence in the case, leaves no doubt whatever in our minds that the error was harmless and could not have influenced the minds of the jury in the least. Preceding the instruction excepted to, the court charges:

"Before you can render a verdict in the first degree you will have to find from the evidence beyond a reasonable doubt that the defendant in the night time broke and entered the dwelling house and that at the time of breaking and entering said dwelling, he intended to commit rape upon either Mary Edna or Evelyn Wilson and carnally know one of them notwithstanding any resistance she might make."

Again the court charged: "If you find that he broke and entered into this dwelling house for the purpose of committing a felony, the felony referred to, that is, to have carnal intercourse with one of the two young ladies referred to, forcibly and against her will, and that he had that intent in breaking and entering the dwelling house in the night time," etc. Similar instructions are to be found in other parts of the charge.

In *concluding* his charge, the judge instructed the jury: "In that connection, I may further instruct you that before you can find the defendant guilty of burglary in the first degree, you must find from the evidence, beyond a reasonable doubt, that at the time of the breaking and entering the defendant broke and entered in at that time with the intention of having carnal knowledge with one of the ladies mentioned, forcibly and against their wills, notwithstanding any resistance she might make."

There is no evidence whatever indicating that defendant formed the intent to commit rape *after* he entered the house.

In his own evidence he disclaims any such purpose at any time. Such theory is inconsistent with all the evidence. That the defendant and his companion Perkins entered the building for the deliberate purpose of forcing the girls to yield to them is an irresistible and unavoidable conclusion from all the evidence except that of defendant himself.

He testified that he was very drunk, that Perkins led him to the house "to have some fun"; that he remembered nothing about it, that he had no intent to do any harm, that he crawled under the bed to sleep off his drunk and was awakened by the words "Shoot him under there."

This defense was put to the jury by the judge very clearly, fully and fairly and defendant was given the full benefit of it. It was no fault of the judge that the jury refused to give credence to it.

The other assignments of error are without merit and need not be discussed.

Upon a review of the whole record, we are of opinion that no substantial error has been committed that will justify us in directing another trial.

No error.