## STATE v. WILLIAM PERRY.

(Filed 24 November, 1937.)

**1. Homicide § 25—**

The evidence in this prosecution for homicide *is held* sufficient to be submitted to the jury on the charge of murder in the first degree, and defendant's motion to nonsuit was properly denied.

**2. Criminal Law § 33—**

Where there is evidence that defendant was advised that what he might say would be used against him, and that no inducements were held out nor threats made to cause him to confess, the evidence supports the trial court's ruling that the confession was voluntary and competent.

**3. Criminal Law § 81a—**

The trial court's ruling, after consideration of all the relevant evidence, upon the voluntariness of a confession, is ordinarily not reviewable.

**4. Criminal Law § 38—**

The admission of maps and photographs of the scene of the homicide solely for the purpose of permitting the witnesses to explain their testimony, and not as substantive evidence, is not error.

**5. Homicide § 27h—**

The charge of the court upon the question of conviction of defendant of less degrees of the crime charged *held* favorable to defendant, and defendant's objection thereto is untenable.

APPEAL from *Ervin, J.,* at July Special Term, 1937, of CHATHAM. No error.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*

*H. M. Jackson and F. C. Upchurch for defendant, appellant.*

SCHENCK, J. This defendant was convicted of murder in the first degree and from sentence of death appealed to the Supreme Court, assigning errors.

We have examined all of the exceptive assignments of error made by the defendant and find no error in the record.

The contention of the defendant for judgment of nonsuit upon his demurrer to the evidence (C. S., 4643) cannot be sustained, either generally or as to the charge of murder in the first degree, as there was sufficient evidence in the confession of the defendant to carry the case to the jury upon the charge of the capital offense.

The defendant assigns as error the admission in evidence of a purported confession. This assignment cannot be sustained as there was

ample evidence to support the court's ruling. Both of the witnesses by whom it was sought to prove the confession testified that the defendant was advised that what he might say would be used against him, and that no inducements were held out nor threats made to the defendant to cause him to make the statements or confession, and there is no evidence to the contrary. Voluntary confessions are competent, *S. v. Bowden,* 175 N. C., 794, and the ruling of the trial judge upon whether a confession was voluntarily made, after consideration of all the evidence offered as to the voluntariness, is ordinarily not reviewable. *S. v. Whitener,* 191 N. C., 659, and cases there cited; *S. v. Stefanoff,* 206 N. C., 443.

The assignments of error as to the admission in evidence of certain maps and photographs of the scene of the homicide cannot be sustained, as the judge was careful to instruct the jury that such maps and photographs were competent only for the purpose of permitting the witnesses to explain their testimony, and were not substantive evidence. *S. v. Jones,* 175 N. C., 709; *S. v. Lutterloh,* 188 N. C., 412; *Honeycutt v. Brick Co.,* 196 N. C., 556.

The assignments of error as to the charge are untenable. The judge made a fair and impartial statement of the evidence and explained the law arising thereon, and instructed the jury that they could return one of four verdicts: Guilty of murder in the first degree, guilty of murder in the second degree, guilty of manslaughter, or not guilty. The charge was fair, and even liberal, to the defendant, as it is doubtful if there is any evidence in the record upon which a verdict of guilty of manslaughter could have been predicated.

The State's evidence tended to show that the defendant went to the home of the deceased, when she was there alone, made indecent proposals to her, and then shot her three or four times with a pistol, and "to make sure she was dead" struck her several times over the head with a shotgun, and that the deceased died about 12 hours after the assault; the evidence further tended to show that the defendant had been "thinking about it" for over a week. The evidence was sordid, and no good purpose can be served by repeating it here in detail. Suffice it to say it was amply sufficient to sustain the verdict.

The defendant offered no evidence.

It is ordered that the judgment below be affirmed, since upon the record we find

No error.