STATE v. DAVID S. FEAGANES.

(Filed 13 December, 1967.)

**1. Criminal Law § 166—**

Exceptions which are not supported by any argument or citations in the brief are deemed abandoned. Rule of Practice in the Supreme Court No. 28.

**2. Criminal Law § 77—**

Evidence to the effect that as defendant and deceased were leaving the room immediately preceding the fatal shooting, the witness told defendant's

wife to stop them that they were going to fight, *held* competent as a part of the *res gestae.*

**3. Homicide § 14—**

Evidence that deceased was a special internal revenue agent who was not permitted or required to carry a gun in the performance of his duties *held* competent in a prosecution for his murder.

**4. Criminal Law § 43—**

The introduction in evidence of photographs of the body of deceased will not be held for prejudicial error when the court categorically instructs the jury that the photographs were admitted solely for the purpose of illustrating the testimony of the witness if the jury should find they did so illustrate his testimony.

**5. Criminal Law § 53—**

It is competent for the county medical examiner to testify from his examination of the body of the deceased as to the wounds and as to his opinion that the wounds could have been caused by a bullet.

**6. Criminal Law § 168—**

Where the charge of the court, considered contextually, is free from substantial error, objection thereto will not be sustained, and a single sentence, even though it be subject to criticism when read out of context, will not be held for prejudicial error when it is without harmful effect upon such contextual construction.

**7. Criminal Law § 118—**

A misstatement of the contentions of the parties must ordinarily be brought to the attention of the trial court in apt time in order for objection thereto to be considered.

**8. Homicide § 20—**

Evidence favorable to the State in this case which tended to show that defendant and deceased willingly entered into a fight, and that immediately after they had stepped out of the room where they had been drinking beer, defendant shot deceased twice, inflicting fatal injury, *held* sufficient to support conviction for murder in the second degree, notwithstanding defendant's evidence tending to show that he killed in self-defense.

APPEAL by defendant from *Crissman, J.,* and a Jury, 20 February 1967 Criminal Session, GUILFORD County Superior Court, Greensboro Division.

The defendant was convicted of murder in the second degree in connection with the death of Charles Pete Beal on 24 October 1966, and from a prison sentence of five to ten years with a recommendation of work release, appealed.

The State's evidence tended to show that the defendant was at Irving Park Delicatessen in Greensboro drinking beer with some friends about 8:30 p.m. Gloria Beal, wife of the deceased, worked as a waitress there. Beal came in and ordered a beer, and the defendant re-

marked that he wished he could get service like that. Beal replied that the waitress was his wife. Feaganes said, "I don't give a damn who she is." Beal's response was, "I don't give a damn who you is." Feaganes then said, "Well, step outside" and started out the door. Beal followed him, and as they got to the foyer two shots were fired. Both shots struck the deceased in the heart, causing his death. The defendant told the arresting officer that he had drunk from four to seven beers before going to the delicatessen and had another one there. He also said, "I . . . had an argument with this man at the bar, and I came out and he has a gun sticking right at me . . . Only thing about him, he got hold of a man too fast for him." Then he said, "Something is wrong with me. I had to shoot the s.o.b. twice. . . . I shot him the first time and he dropped the gun, and he reached to pick the gun up, and when he did, I shot him again. . . . I reckon I'll have to go out to [the] pistol range and do a little practicing."

The evidence of the defendant painted an entirely different picture which, if believed, made out a good case of self-defense. It was to the effect that he (Feaganes) had an argument with the deceased (Beal), started to leave and was followed by Beal who "had a gun stuck right at him," was cursing him with foul language, and that under those conditions, he shot the deceased twice. A .22 pistol was found under the body of the deceased. One witness said that he saw Beal reach into his right pocket, come out with a pistol and point it toward the door where Feaganes was walking; that he then heard two shots close together. Another witness for the defendant said that as Feaganes got into the foyer, the colored man was going into his hip pocket and was still fumbling in it when he went out of his (the witness') sight.

Other features of the evidence are discussed in the opinion.

*Cahoon & Swisher by Robert S. Cahoon, Attorneys for defendant appellant.*

*T. W. Bruton, Attorney General, and James F. Bullock, Deputy Attorney General, for the State.*

PLESS, J. The defendant refers to thirty-nine assignments of error and eighty-three exceptions in his brief. However, no argument or citation is presented in support of many of them; and under Rule 28, Rules of Practice in the Supreme Court, they are deemed abandoned.

The first exception presented is that the witness Rosetta Ireland was permitted over the defendant's objection to testify that as the defendant and the deceased were leaving the room she told Beal's

wife "come and stop them; they're going to fight." This was "a declaration uttered simultaneously, or almost simultaneously, with the occurrence of the act" and is competent as a part of the *res gestae. Staley v. Park,* 202 N.C. 155, 162 S.E. 202.

The evidence showed that Feaganes had been a Special Agent with Internal Revenue and that he was then an Estate Tax Examiner. The State was permitted to show over the objection of the defendant that he was not permitted or required to carry a gun in the performance of his duties. In this, there was no error.

The defendant excepted to the identification of several photographs of the body of the deceased which showed the location of the wounds on his body, and later to the fact that they were permitted to be shown to the jury. The record does not show that these photographs were offered as exhibits, but we find the defendant's exception in this regard without merit since the Court instructed the jury: "[Y]ou will consider these photographs for the purpose of illustrating the testimony of the witness, if you find they do illustrate his testimony, and for that purpose only." This instruction is in accord with the rule stated in *State v. Perry,* 212 N.C. 533, 193 S.E. 727.

The defendant further excepts to the evidence of Dr. Allan B. Coggeshall, the County Medical Examiner, who was stipulated to be a medical expert. He testified, in summary, that he examined the body of the deceased, described the wounds he found and gave it as his opinion that the wounds could have been caused by a bullet. These exceptions are without merit. *State v. Knight,* 247 N.C. 754, 102 S.E. 2d 259; *State v. Mays,* 225 N.C. 486, 35 S.E. 2d 494.

The defendant took fifty-nine exceptions to the charge of the Court, making twenty-eight assignments of error. Considering the charge as a whole, we find that it is free from substantial error. It is a standard charge dealing with the subjects of murder in the second degree, manslaughter, self-defense, fighting willingly, malice, and contains a satisfactory recapitulation of the evidence and the contentions of the parties.

The defendant has many exceptions that take up a full page of the mimeographed record. These exceptions are vague and at the same time fulsome; we find them without merit. Some exceptions are based upon a single sentence which, standing alone, may be subject to criticism but when read with the preceding or following sentence constitutes an accurate statement of the law.

The defendant also criticizes the Court's statement of the evidence and some of the contentions. However, the defendant failed to call the alleged inaccuracies to the attention of the Court at the time, and they are therefore waived. *State v. Case,* 253 N.C. 130,

116 S.E. 2d 429. Nevertheless, we have given them consideration and do not find that the defendant could have been prejudiced thereby. The defendant made no request for additional or different statements of the evidence, contentions of the parties, or any aspect of the law of the case, although he now claims that the charge was in violation of G.S. 1-180. We fail to find error in this respect.

This was a case in which the defendant admitted the shooting, and the deceased died immediately. There was no question that his death was caused by the bullet wounds. The evidence offered by the defendant, if accepted by the jury, would have justified a verdict of acquittal. It apparently accepted the State's evidence to the effect that both parties willingly entered into the fight and that the defendant had failed to show justification for the killing. The statements of the defendant in which he expressed no regret in having killed his fellow man but rather lightly referred to his embarrassment in being required to shoot the deceased twice and referring to the deceased as a s.o.b. probably caused the jury to reject his claim of self-defense.

A careful consideration of the defendant's exceptions fails to reveal prejudicial error which would justify a new trial.

No error.