STATE OF NORTH CAROLINA v. ROYCE STAMEY AND LEONARD AUSTIN

No. 6825SC375

(Filed 11 December 1968)

1. Criminal Law §§ 66, 89— evidence as to identity from photographs — corroborative evidence

   Where State's witness in armed robbery prosecution positively identifies the two defendants on direct examination, defendants are not prejudiced by the witness' testimony on cross-examination that he had previously identified defendants from a group of pictures shown to him approximately two weeks after the robbery by an investigating S. B. I. agent, since the testimony was admissible as corroborating the witness' positive in-court identification.

2. Criminal Law § 66; Constitutional Law § 32— identification by photographs — necessity for defense counsel

   The fact that defense counsel was not present when armed robbery victim identified defendants from photographs furnished by police during investigative stage does not render inadmissible on constitutional grounds testimony as to the victim's identification of defendants from the photographs.

3. Criminal Law § 66; Constitutional Law § 32— lineup identification of defendant

   Evidence of out-of-court identification of a defendant in a pretrial lineup, when it is made to appear that defendant was not represented by counsel

STATE *v.* STAMEY

at the lineup and had not intelligently and voluntarily waived his right to counsel, is inadmissible.

**4. Criminal Law §§ 66, 84— evidence obtained unlawfully — effect of unconstitutional lineup**

Where it appears during the course of a criminal trial that there has been an out-of-court lineup identification violating the accused's constitutional right to be effectively represented by counsel, the in-court identification is admissible only when the State establishes by clear and convincing evidence that the in-court identification had an origin independent of the lineup identification.

**5. Criminal Law § 66— unconstitutional lineup — evidence of in-court identification — voir dire**

Where it appears during the course of a criminal trial that the accused's right to be represented by counsel was violated at an out-of-court lineup identification, the admission in evidence of an in-court identification of accused is erroneous unless the trial court determines on *voir dire* that such in-court identification had a sufficiently independent origin and was not the result of the illegal out-of-court confrontation.

APPEAL by defendants from *May, J.*, March 1968 Term, BURKE Superior Court.

The two defendants were arrested on 23 August 1967 and were indicted for armed robbery. Each pleaded not guilty. At the trial the victim of the robbery on direct examination positively identified the defendants as being the two men who had entered his store in Valdese, North Carolina, on the morning of 25 February 1967 and, with drawn pistols and threats to kill him, had taken his money. On cross-examination this witness testified that after the robbery an S.B.I. Agent had brought him some pictures to see if he could identify either robber and he had picked out two of the pictures and told the agent that they were the two who had robbed him. On redirect examination by the solicitor, this witness testified as follows:

"Q. I say after you identified the two photographs, then did you later see these two defendants?

"A. That's right, in a line-up.

"Q. Were these two defendants the same ones as you had seen in the photographs?

"A. Same ones I had picked out in the photographs."
Defendants' objection made at this point was overruled.

Each defendant took the stand and testified to an alibi.

At the close of all evidence defendants moved to strike any reference in the testimony of the prosecuting witness with reference to

a "lineup" on the ground that there was no evidence that the defendants had been represented by counsel at the time. This motion was made on behalf of both defendants by the court-appointed attorney for one of the defendants, who stated to the court at the time of making the motion that to the best of his information the defendants did not have a lawyer at the time of the lineup. The motion to strike was denied.

The jury returned a verdict of guilty of armed robbery as to each defendant, and from judgments imposing prison sentences on each, defendants appealed.

*Attorney General T. W. Bruton and Deputy Attorney General Harry W. McGalliard for the State.*

*Don Davis for defendant appellant Royce Stamey.*

*Ted S. Douglas for defendant appellant Leonard Austin.*

PARKER, J.

[1]    Defendants first assign as error the court's admitting the testimony of the victim of the robbery that he had identified the two defendants from a group of pictures shown to him approximately two weeks after the robbery by the investigating S.B.I. Agent. This testimony was elicited during cross-examination of the witness by counsel for each of the defendants, and the record shows that as to much of this testimony there was neither objection nor motion to strike made on behalf of either defendant. In any event there was no error prejudicial to defendants in the admission of this evidence. On direct examination at the trial the witness had already positively identified the two defendants as the robbers. The testimony relative to his prior identification of defendants from the pictures, brought out by cross-examination of the attorneys for the defendants themselves, was admissible as corroborating his positive in-court identification. Stansbury, N. C. Evidence 2d, § 50.

[2]    Appellants contend, nevertheless, that admission of the testimony as to the witness's prior identification of defendants from the photographs violated their constitutional rights on the basis of the decision of the United States Supreme Court in *United States v. Wade,* 388 U.S. 218, 87 S. Ct. 1926, 18 L. Ed. 2d 1149. We do not agree. In our view the rationale of the Court in *Wade,* and in its companion cases, *Gilbert v. California,* 388 U.S. 263, 87 S. Ct. 1951, 18 L. Ed. 2d 1178, and *Stovall v. Denno,* 388 U.S. 293, 87 S. Ct. 1967, 18 L. Ed. 2d 1199, does not extend so far as to require that

when a victim of a crime is working with the police in the investi-
gative stage in an effort to describe  or to identify the criminals
involved from pictures in order that they may be apprehended, that
defense counsel for all suspected or identified criminals must be
present. Those cases related only to situations in which identification
was made when the accused was present in person.

[3-5]    However, appellants also assign as error the admission of
testimony of the prosecuting witness relative to his identification of
the two defendants in a pretrial lineup. This assignment of error
must be sustained. Evidence of out-of-court identification of a de-
fendant in a criminal case in a pretrial lineup, when it is made to
appear that defendant was not represented by counsel at the lineup
and had not intelligently and voluntarily waived his right to coun-
sel, is inadmissible. *State v. Wright,* 274 N.C. 84, 161 S.E. 2d 581;
*State v. Williams,* 274 N.C. 328, 163 S.E. 2d 353. In addition, if it
appears during the course of a criminal trial that there has been an
out-of-court lineup identification violating the accused's constitu-
tional right to be effectively represented by counsel, then a question
arises as to whether the in-court identification has been tainted by
the prior lineup identification. Under such circumstances the in-court
identification is admissible only when the State establishes by clear
and convincing evidence that the in-court identification was based
upon observations of the suspect other than the lineup identifica-
tion. If the in-court identification had an independent origin it is
competent. If it resulted from the illegal out-of-court confrontation
it is incompetent. In this case there was evidence that the prosecut-
ing witness had known one of the defendants, Royce Stamey, as a
young boy and had known Stamey's father for many years. It may
well be that the witness's in-court identification of both defendants
was based on factors completely independent of the lineup identifi-
cation. That question should be decided by the trial court on a *voir
dire* examination at the next trial if the State again offers in-court
identification testimony from the prosecuting witness. *State v. Wright,*
*supra.*

For the error in admitting evidence of the pretrial lineup iden-
tification when defendants were not represented by counsel and in
the absence of any evidence as to their voluntary waiver of right to
counsel, and for error in admitting evidence of the in-court identi-
fication without determining on *voir dire* that such in-court identifi-

cation had a sufficiently independent origin and was not the result of the illegal out-of-court confrontation, the defendants are entitled to a

New trial.

BROCK and BRITT, JJ., concur.