STATE OF NORTH CAROLINA v. ROYCE STAMEY AND LEONARD AUSTIN

No. 6925SC508

(Filed 19 November 1969)

**1. Criminal Law § 66—  illegal lineup — in-court identification — independent origin — sufficiency of State's evidence**

In this armed robbery prosecution, the trial court's findings and conclusion that the victim's in-court identification of defendants as the perpetrators of the robbery was not based on an illegal pretrial lineup but was based on the witness' observations of defendants during the robbery *are held* supported by clear and convincing evidence presented by the State on *voir dire*, where the victim's *voir dire* testimony showed that he had a good and sufficient opportunity to observe defendants while they were in his store taping his hands, tying his feet, threatening him with pistols and removing his money, and his testimony showed unequivocally that his in-court identification of defendants was based on what he observed at that time.

**2. Criminal Law § 175—  findings upon voir dire — appellate review**

Findings of the trial court upon *voir dire* are binding on appeal when supported by competent evidence.

**3. Robbery § 4— armed robbery — sufficiency of evidence**

  Testimony by robbery victim that defendants entered his store, threatened him with pistols, tied his feet, taped his hands and took his money *is held* sufficient to be submitted to the jury on the issue of defendants' guilt of armed robbery.

**4. Criminal Law § 66— in-court identification — illegal lineup — voir dire hearing — remarks of trial court**

  Where defendants were granted a new trial by the Court of Appeals for error in the admission of evidence of an in-court identification without a determination that such in-court identification was independent in origin and not the result of an illegal out-of-court confrontation, defendants' contention that the prosecuting witness' testimony at the *voir dire* hearing conducted upon retrial was influenced by the trial court's statement that a *voir dire* hearing would be conducted in compliance with the decision of the Court of Appeals and that "It might well be that . . . the identity of both defendants was based on factors complete and independent of the line-up identity," *is held* to be without merit.

**5. Criminal Law § 168— illegal lineup — instructions — harmless error**

  In this armed robbery prosecution, defendants may not now complain about a slight reference to an illegal lineup made by the court in recapitulating the evidence, where the trial court had informed defense counsel that he would allow a motion, if made, to strike evidence of the lineup and to instruct the jury not to consider it, even though the evidence was brought out on cross-examination by the defense, but defendants made no such motion, and defendants made no request for special instructions.

APPEAL by defendants from *Copeland, J.,* May 1969 Session BURKE Superior Court.

  Defendants were charged with armed robbery in separate bills of indictment proper in form. They were first tried at the March 1968 Session, Burke County Superior Court. Upon conviction both defendants appealed to this court. They were granted a new trial for error in the admission of evidence of an in-court identification without a *voir dire* determination that such in-court identification was independent in origin and not the result of an illegal out-of-court confrontation. The illegal confrontation occurred when the prosecuting witness identified the two defendants in a pretrial lineup while they were not represented by counsel and at a time when their right to be represented had not been intelligently and voluntarily waived.

  At the second trial evidence was offered on *voir dire* relating to the prosecuting witness' identification of the defendants. The court found facts from the evidence and concluded that the identification was not related in any manner to any "lineup identity." The defend-

ants were again found guilty by the jury and they appeal from judgments of imprisonment for terms of not less than twenty nor more than thirty years.

Robert Morgan, Attorney General, Jean A. Benoy, Deputy Attorney General, and Bernard A. Harrell, Assistant Attorney General, for the State.

Riddle & McMurray by John H. McMurray for defendant appellant Royce Stamey.

Ted S. Douglas for defendant appellant Leonard Austin.

GRAHAM, J.

[1]  Defendants assign as error the court's conclusion that their identity as perpetrators of the alleged robbery was not based on the illegal pretrial lineup identification. They also contend that their cases should have been nonsuited for lack of sufficient evidence.

The case of United States v. Wade, 388 U.S. 218, 87 S. Ct. 1926, 18 L. Ed. 2d 1149 and the companion case of Gilbert v. California, 388 U.S. 263, 87 S. Ct. 1951, 18 L. Ed. 2d 1178 held that the constitutional right to counsel at "critical" stages of a criminal proceeding includes the right to counsel at a police lineup. If this right is not afforded and a subsequent in-court identification is made, the question arises as to whether the in-court identification has been tainted by the prior lineup identification. In granting a new trial on defendants' former appeals Parker, J., speaking for this court, stated the test that is applicable in determining the admissibility of such identification evidence as follows:

> "Under such circumstances the in-court identification is admissible only when the State establishes by clear and convincing evidence that the in-court identification was based upon observations of the suspect other than the lineup identification. If the in-court identification had an independent origin it is competent. If it resulted from the illegal out-of-court confrontation it is incompetent." State v. Stamey, 3 N.C. App. 200, 203, 164 S.E. 2d 547.

To determine the admissibility of the in-court identification a lengthy voir dire hearing was conducted. The State and the defendant Stamey offered evidence.

The State's evidence on voir dire consisted of the testimony of the prosecuting witness M. A. Brinkley. He stated that shortly after 8:00 a.m. on 25 February 1967 a man entered his hardware store in

Valdese and asked for a load of insulation. "He was standing at speaking distance of 2, 3, or 4 or 5 feet away." When the witness turned from picking up a roll of insulation the man put a gun in his ribs and said: "Do as I say, and I won't kill you." At that point a "shorter" man entered the store and faced the witness directly from across a four-foot counter. This man also had a gun which he held right at the witness' head, "just like he was going to squeeze the trigger immediately." Brinkley stated that the taller man was dressed in a dark hat, a tie and trench coat. He wore a pair of "small" "ordinary" sun glasses. Brinkley recognized him as having been in the store before. The shorter man wore a red zip-up jacket but no hat or any form of disguise. The men, both still armed with pistols, forced Brinkley to the back of the store and into the basement where they taped his hands and tied his feet to the banister at the foot of the stairs. They removed a billfold containing $191.00 from his hip pocket and approximately $140.00 or $145.00 from the store safe.

Brinkley's testimony indicated he had ample opportunity to observe both defendants. He stated: "While they were taping my hands, they finished in perhaps 5 minutes, there was quite a little time taping my hands, and all of the time they was (sic) in and around and in front of me, and I had a good view of them. There was no question in my mind as to a mental picture of the two. I observed them perhaps 8 to 10 minutes from the time they came in."

After testifying as to the circumstances of the robbery, Brinkley pointed out the defendant Stamey as the one he had described in his testimony as the "taller one" and the defendant Austin as the one he had described in his testimony as the "shorter one." Counsel for each defendant cross-examined Brinkley extensively but he did not waiver in his insistence that he got a clear mental picture of the men who robbed him at the time of the robbery and that his identification of the two defendants in court was based on that mental picture.

The defendant Stamey offered evidence on *voir dire* tending to show that Brinkley had often seen him in and about the store and in other places and "knew him." Without expressing an opinion on the persuasiveness of this evidence we nevertheless note that it is not inconsistent with Brinkley's testimony that Stamey had previously been his customer.

The case of *State v. Williams*, 274 N.C. 328, 161 S.E. 2d 581 was decided by our Supreme Court subsequent to the decisions of the United States Supreme Court in *United States v. Wade, supra*, and

*Gilbert v. California, supra.* There, as in the instant case, the evidence was that that prosecuting witness had ample time to observe the defendant at the time of the crime. Lake, J., stated at 341, 342:

"Here, in contrast to *State v. Wright, supra,* the offense was committed not in a dimly lighted room but in a service station open for business; the victim of the crime was not aroused from sleep but was the service station attendant who had sold a bottled drink to the robber and had observed him standing in the station for a substantial period of time prior to the robbery, and who also observed him for 'three or four minutes' after the robbery was commenced by the sticking of a pistol into the victim's ribs. Only ten weeks elapsed between the robbery and the in-court identification. There is nothing whatever in the record to contradict or cast doubt upon any of this evidence as to the conditions under which Wood observed the robber at the time of the crime. To use again language from the opinion of the Court in *United States v. Wade, supra,* the State has established 'by clear and convincing evidence that the in-court identification was based upon observation of the suspect other than the lineup identification.' "

In *State v. Primes,* 275 N.C. 61, 165 S.E. 2d 225, an in-court identification of the accused was challenged on the basis of the *Wade* and *Gilbert* decisions. There the defendant who was charged with rape took the stand, and admitted having sexual intercourse with the prosecutrix but denied that it was without her consent. Under such circumstances the matter of identity was not in issue. The Supreme Court nevertheless noted that the identification in a lineup did not come within the principles condemned in the *Wade* and *Gilbert* cases "for the simple reason that the identification in the lineup had an independent origin in the prosecuting witness' identification of defendant just previously when she saw defendant get out of the pickup truck, *and further she had ample opportunity to see him when he changed the flat tire on her automobile, when he rode with her down the road, and when he assaulted her.*" (emphasis added). 275 N.C. 61, 68, 69.

**[1, 2]** Applying the principles of the above cases we hold that the quality of evidence offered by the State on *voir dire* in the instant case met the test of "clear and convincing" evidence. The prosecuting witness had a good and sufficient opportunity to observe the defendants while they were in his store taping his hands, tying his feet, threatening him with pistols and removing his money. His testimony indicated unequivocally that his in-court identification of de-

fendants was based on what he observed at that time. The evidence amply supports the findings and conclusions of the trial court. Findings of the trial court' upon *voir dire* are binding on appeal when supported by competent evidence. *State v. Childs,* 269 N.C. 307, 152 S.E. 2d 453; *State v. Gray,* 268 N.C. 69, 150 S.E. 2d 1.

**[3]** The testimony of the prosecuting witness before the jury was in substance the same as his testimony on *voir dire.* This was ample evidence to support the verdict and defendants' motions of nonsuit were properly overruled.

Preceding the *voir dire* hearing the court stated as follows:

"Let the record show . . . it is agreed that a Voir Dire hearing would be conducted by the Court in compliance with mandate of the Court of Appeals language. It may well be that the witnesses in court, the identity of both defendants was based on factors complete and independent of the line-up identity. So at this time the Court will be conducting this hearing for the purpose indicated in the opinion of the Court of Appeals in the absence of the jury."

**[4]** The defendant Austin noted "an objection of the reading of our opinion before the witness," and he insists here that the court's statement influenced the prosecuting witness' testimony and caused him to attach little significance to the lineup identification. No authority is cited to support this contention and we find it without merit. The statement was made outside the presence of the jury and was a proper insertion in the record. To suggest that it influenced the prosecuting witness in his testimony is to invite speculation in which we cannot indulge.

**[5]** The defendants' remaining assignments of error relate to the charge. Before he gave the charge and outside the presence of the jury the trial judge stated to defense counsel that he would allow a motion, if made, to strike evidence of the pretrial lineup and to instruct the jury not to consider it, even though the evidence was brought out on cross-examination by the defense. The record indicates no such motion was made. Defendants may not now complain about a slight reference to the lineup made by the court in recapitulating the evidence for the jury. No request for special instructions was made by either defendant. A careful examination of the entire charge indicates the court correctly explained the law and applied

it to the evidence on all features of the case. This was all he was required to do.

In the entire trial we find

No error.

CAMPBELL and PARKER, JJ., concur.