STATE OF NORTH CAROLINA v. CHARLIE McPHERSON, ROBERT LEE JONES AND RONALD MICHAEL HARRIS

No. 6914SC515

(Filed 14 January 1970)

**1. Criminal Law § 66— in-court identification of defendant — independent origin — sufficiency of State's evidence**

Findings and conclusions of the trial court that the robbery victim's in-court identification of the defendants was based on the victim's observation of defendants during the robbery and not on a subsequent identification at the police station and from photographs *are held* supported by clear and convincing evidence on *voir dire* that the victim had a good and sufficient opportunity to see the defendants prior to and during the robbery and that his in-court identification was based on that observation.

**2. Criminal Law § 66— in-court identification of defendant — ruling of trial court — review on appeal**

The legality of the victim's identification of defendants from photographs and from a confrontation at a police station was not an issue on appeal in an armed robbery prosecution unless the trial court had erred in finding that the victim's in-court identification of defendants was unaffected by such procedures.

**3. Criminal Law § 66— in-court identification — findings — clear and convincing evidence**

There must be clear and convincing evidence to support findings and conclusion by the trial court that a witness' in-court identification of defendants was based upon his observation of them at the time of the offense and not upon a subsequent identification at the police station and from photographs.

**4. Criminal Law §§ 99, 170—** conduct of trial — colloquy between court and counsel — prejudicial error

In an armed robbery prosecution in which the victim testified that one of the defendants was wearing pea-green clothing and the defense counsel asked the victim if he "knew how to make green," a subsequent colloquy between the court and the defense counsel wherein the court asked counsel if he knew how "to make all these colors" and "why don't you go in the paint business; let's don't get meticulous with all the colors in the world," *held* not prejudicial to defendant, since the court was merely demonstrating its impatience with counsel's irrelevant line of questioning.

**5. Constitutional Law § 30—** criminal trial — due process — impartial judge

Every person charged with a crime has an absolute right to a fair trial before an impartial judge and an unprejudiced jury in an atmosphere of judicial calm.

**6. Criminal Law § 99—** conduct of trial — exchanges between court and counsel

Unflattering exchanges between court and counsel are not conducive to the decorum that should prevail in a courtroom during a trial.

**7. Criminal Law § 170—** unflattering exchanges between court and counsel — test of prejudicial error

In determining whether unflattering exchanges between court and counsel are sufficiently prejudicial to require a new trial, the test applied is the probable effect of the exchanges upon the jury, considered in the light of the circumstances under which they were made.

**8. Robbery § 3—** relevancy of evidence — why victim carried money in change

Where defendants in armed robbery prosecution failed to show the relevancy of their question to the victim with respect to why he was carrying three dollars in change at the time of the robbery, the sustaining by the trial court of its own objection to the question cannot be prejudicial to defendants.

**9. Criminal Law § 99—** conduct of trial — exclusion of evidence by trial court

In the exercise of its right to control and regulate the conduct of the trial, a court may on its own motion exclude or strike evidence which is wholly incompetent or inadmissible.

**10. Criminal Law § 169—** exclusion of testimony — refusal to let witness state his answer

Refusal of the trial court to require the prosecuting witness to state what his testimony would have been had he been permitted to answer defense counsel's question on cross-examination, *held* not prejudicial in this case, where the question was irrelevant and it does not appear how the answer, whatever it might have been, would have benefited defendants.

APPEAL by defendants from *Bowman, J.,* 9 June 1969 Session of DURHAM County Superior Court.

Defendants were tried under a bill of indictment charging them with the armed robbery of Alvin Fisher on 4 April 1969. Each defendant entered a plea of not guilty.

The only evidence was that offered by the State. The prosecuting witness, Alvin Fisher, testified that he went to a grocery store on the corner of Fowler Avenue and old Fayetteville Street in Durham shortly after 9:45 p.m. on 4 April 1969. The store was closed, but customers were still inside. He stood outside for about 3 minutes hoping to recognize one of the customers inside who could make a purchase for him. Fisher saw the three defendants standing and talking on the sidewalk about 5 feet from him. The area was well lighted. He observed that McPherson was wearing tight gray corduroy pants, and some kind of gray-colored corduroy jacket. Harris was dressed in a light blue or pea green color and Jones had on a pair of light brown pants and a gray sweater. As Fisher left the grocery store, the defendants walked slowly in front of him up to the corner of Fowler Avenue and Fayetteville Street. Two of them crossed the street but the defendant Jones waited at the corner for Fisher to come up. When Fisher crossed the street, the two defendants who had previously crossed to the other side turned around and McPherson stated, "[y]ou are next." Fisher tried to run but defendant Jones, who was behind him, grabbed his leg and tripped him. Defendants then pulled Fisher over to the curb and started through his pockets. Harris pulled a silver pistol from under his coat and held it on Fisher. When Fisher yelled at a passing car defendants dragged him up between two houses where they removed from his pockets three one-dollar bills and about $3 in change and beat him with their fists and the pistol. When his assailants had gone, Fisher notified the police. The police took him to the hospital where he was treated for minor injuries and released.

The day following the alleged robbery a Durham detective exhibited to Fisher seven or eight photographs. Fisher identified pictures of Jones and McPherson as pictures of two of his assailants. Defendant Harris' picture was not included in the group of photographs. Fisher gave a description of the remaining assailant to the detective.

Fisher was called to the police station on 7 April 1969 to look over some "suspects" and while being shown around the police station he saw the defendant Harris who was then in custody and talking with a police officer in a room. At that time Fisher pointed out Harris as his third assailant.

The jury returned a verdict of guilty as charged in the bill of

indictment as to all of the defendants and from judgments of imprisonment they appealed.

*Robert Morgan, Attorney General, by Andrew A. Vanore, Jr., Staff Attorney, for the State.*

*Pearson, Malone, Johnson & DeJarmon by W. G. Pearson, II, and C. C. Malone, Jr., and Blackwell M. Brogden for defendant appellants.*

GRAHAM, J.

[1]   Defendants assign as error the overruling by the court of their objection to an in-court identification of the defendants by the prosecuting witness Fisher.

When Fisher was asked to make an in-court identification of the three defendants, objections were interposed on the grounds that such identification would be tainted by the out-of-court identifications made of McPherson and Jones from photographs and made of Harris from the confrontation at the police station. Defendants contended the photographic technique used in this case was too suggestive in that the prosecuting witness was tendered only six or seven photographs from which he selected two as being pictures of two of his assailants. They contended that the prosecuting witness' identification of defendant Harris at the police station was illegal in that he was permitted by the police to "walk up" on Harris and identify him while Harris was in custody of the police and not represented by counsel.

Before overruling defendants' objection to the in-court identification a *voir dire* examination of the prosecuting witness was ordered. His testimony on *voir dire* indicated that he had a good and sufficient opportunity to observe defendants as they stood approximately five feet from him in front of the store for a period of about 3 minutes; that he observed them further as they walked slowly past him to the street corner and that he got a good look at all of their faces while they were robbing him. He also testified that shortly after he was robbed he gave a description of his assailants to the police as to their relative size, hair style, age, complexion, and style and color of the clothes they were wearing. The witness stated that he clearly recognized the three men in the courtroom as the men he was with on Fayetteville Street the night of the robbery. The court made appropriate findings of fact based on the *voir dire* evidence and concluded that the witness' identification of each defendant was based upon his observation of them on the night of the alleged attack and was not tainted by any illegal procedures.

**[2, 3]**    The question of the legality of the identification of two defendants through the use of photographs and the third through the police station confrontation is before us for consideration only if the court erred in finding that the in-court identification was not affected by such procedures. Such finding must be based on clear and convincing evidence. *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed. 2d 1149; *State v. Stamey,* 3 N.C. App. 200, 164 S.E. 2d 547. Where the evidence, as here, shows that the witness had a good and sufficient opportunity to observe a defendant at the time the offense was being committed, and testifies that his in-court identification is based on his observation made at that time, the test of "clear and convincing evidence" is met and will support findings such as were made by the court in this case. *State v. Stamey,* 6 N.C. App. 517, 170 S.E. 2d 497. See also *State v. Gatling,* 275 N.C. 625, 170 S.E. 2d 593; *State v. Primes,* 275 N.C. 61, 165 S.E. 2d 225; *State v. Williams,* 274 N.C. 328, 163 S.E. 2d 353. The evidence here supported the court's findings, which are binding on appeal. This assignment of error is overruled.

**[4]**    Defendants further contend that the court committed error in overruling their motion for mistrial based on comments made by the court in the presence of the jury.

The prosecuting witness testified on both direct and cross-examination that the defendant Harris at the time of the robbery was wearing "pea green or light blue colored clothes." While counsel for the defendant Harris was questioning this witness further on cross-examination, the following exchange took place:

"Q.   Do you know how to make green?

A.   Do I know —
     OBJECTION BY THE STATE

THE COURT:   Mr. Brogden, do you know how to make all
     these colors?

MR. BROGDEN:   Yes sir, they teach you in grammar
     school. I got one eight years old can tell you.

THE COURT:   Do you know how to make it?

MR. BROGDEN:   Yes sir.

THE COURT:   Why don't you go in the paint business. Let's
     don't get meticulous with all the colors in the world.

MR. BROGDEN:   Make a motion for a mistrial.

THE COURT:   Motion is denied. Have your seat and continue your cross-examination."

[4-7]   We have held that exchanges such as this between counsel and the court should not be engaged in before the jury. *State v. Cox,* 6 N.C. App. 18, 169 S.E. 2d 134. Every person charged with a crime has an absolute right to a fair trial before an impartial judge and an unprejudiced jury in an atmosphere of judicial calm. *State v. Belk,* 268 N.C. 320, 150 S.E. 2d 481. Unflattering exchanges between court and counsel are not conducive to the decorum that should prevail in a courtroom during a trial. However, when determining whether such comments or remarks are sufficiently prejudicial to require a new trial the test applied is their probable effect upon the jury and the utterances must be considered in the light of the circumstances under which they were made. *State v. Carter,* 233 N.C. 581, 65 S.E. 2d 9. We cannot say under the circumstances here that the colloquy between the court and counsel for defendant Harris prejudiced the jury against the defendants. It was prompted by counsel's question on cross-examination as to whether the prosecuting witness knew how to make green color. This was after the witness had been cross-examined at length concerning his ability to identify colors by looking at various objects including clothing worn by some of the jurors. Whether the witness could make green color was irrelevant to his ability to see and distinguish between colors. The court's impatience with this line of questioning, and not its opinion, is demonstrated by the exchange. In our opinion no prejudice resulted to defendants. *State v. Cox, supra.*

[8]   Defendants further assign as error the sustaining by the court of its own objection to the following line of questioning:

"Q.   You had three dollars worth of change?

A.   Yes sir.

Q.   What you doing carrying three dollars worth of change around?

THE COURT:   Objection sustained.

MR. BROGDEN:   I want the jury excused and put his answer in the record had he been allowed to answer the question.

THE COURT:   Motion denied. ALL DEFENDANTS EXCEPTS. (sic) EXCEPTION # 14B

MR. BROGDEN:   We will have to get it in the record.

THE COURT:   Motion denied to put it in the record. Everything we have said is in the record."

[9]   In the exercise of its right to control and regulate the conduct

of the trial, a court may on its own motion exclude or strike evidence which is wholly incompetent or inadmissible. *Greer v. Whittington,* 251 N.C. 630, 111 S.E. 2d 912. Defendants have not shown that the questions concerning the varied change and dollar bills Fisher had when he was robbed were relevant or material. It was incumbent upon them to do so in order to show prejudice. *Greer v. Whittington, supra; Johnson v. Heath,* 240 N.C. 255, 81 S.E. 2d 657.

[10]    Defendants complain also that they were not permitted to put in the record what the witness' answer would have been. For an exception to the exclusion of testimony to be sustained on appeal, the record must show what the testimony would have been if the witness had been permitted to answer. *State v. Poolos,* 241 N.C. 382, 85 S.E. 2d 342; *State v. Phillips,* 5 N.C. App. 353, 168 S.E. 2d 704. It is incumbent upon the proponent's counsel to request that the answer be given to the court reporter, and once the request is made, it is the duty of the court to see that it is done. Here, however, the question itself was irrelevant and it has not been made to appear how the answer, whatever it may have been, would have benefited defendants. Under such circumstances the failure of the court to permit the witness to answer for the record was not prejudicial error warranting a new trial.

Other assignments of error made by defendants have been considered and found without merit. All three defendants were represented by competent counsel and their rights were vigorously protected throughout the trial. We have reviewed the entire record and find no error of such a prejudicial nature as to warrant a new trial.

No error.

CAMPBELL and PARKER, JJ., concur.