STATE OF NORTH CAROLINA v. JOHN EDWARD HOWARD

No. 7411SC188

(Filed 6 March 1974)

1. Criminal Law § 77— statement made by defendant out of custody — admissibility

Statement by defendant to his next door neighbor that he wanted someone to get a doctor for deceased because he had stabbed her in

the head with a knife was admissible in a second degree murder prosecution since the statement was made when defendant was not in custody and before criminal proceedings had begun.

2. **Criminal Law § 75— voluntariness of waiver of rights**

Evidence that defendant was read his full *Miranda* rights three times, that one of the examining officers asked him if he understood and offered to explain any of the terms in the statement of rights or the waiver, and that defendant did not ask for any explanation was sufficient to support the trial court's finding that defendant freely, voluntarily and understandingly waived his rights.

3. **Homicide § 21— second degree murder — sufficiency of evidence**

Evidence was sufficient to be submitted to the jury in a second degree murder case where it tended to show that defendant stabbed his victim.

APPEAL by defendant from *Smith, Judge,* at the 15 October 1973 Criminal Session of JOHNSTON Superior Court.

The defendant was indicted for the first-degree murder of his wife, Joyce Elaine Howard. The State elected to proceed on a second-degree murder charge. The defendant was convicted of voluntary manslaughter and given a sentence of not less than ten nor more than fifteen years in the State Prison. From said conviction the defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General Jones P. Byrd for the State.*

*Corbett and Corbett by Albert A. Corbett, Jr., for defendant appellant.*

CAMPBELL, Judge.

The defendant assigns as error the trial court's allowing, over defendant's objection, several witnesses for the State to testify as to certain incriminating statements made by the defendant.

[1] Gladys Jones, defendant's next-door neighbor, testified that during the night of June 29-30, 1973, the defendant came into her house wanting someone to go get a doctor for Elaine because he had stabbed her in the head with a knife. The defendant contends that because this statement was made before he had an opportunity to consult with counsel that it was obtained in violation of his *Miranda* rights *(Miranda v. Arizona,* 384

State v. Howard

U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694 (1966)). The defendant was not in custody, criminal proceedings had not begun, and therefore the statement is admissible. *State v. Lynch,* 279 N.C. 1, 181 S.E. 2d 561 (1971).

[2]   The defendant also assigns as error the admission into evidence of the statements made by the defendant to two deputy sheriffs to the effect that he had stabbed his wife. The defendant asserts that there was insufficient evidence to show that the waiver signed by the defendant was freely and intelligently given. Defendant contends that considering defendant's age, race, education, mental condition, intoxication and the complexity of the crime, that there was no effective waiver of his rights.

The defendant is twenty-nine years old, and his age is thus not an important factor. Defendant's race is totally irrelevant. There was no evidence that defendant was under the influence of an intoxicant. The crime of murder is not particularly complex. In determining whether the waiver was freely and intelligently made, however, it is important whether or not defendant understood his constitutional rights. Officer Crabtree gave the defendant his full *Miranda* rights once and Officer Narron did so twice after learning that the defendant had only a second-grade education and could not read or write, other than to sign his name. Officer Narron asked him if he understood and offered to explain any of the terms in the statement of rights or the waiver. The officers testified that the defendant appeared to understand his rights, that he did not ask for any explanation, and that he signed the waiver which was introduced into evidence. The defendant testified on *voir dire* that he had not been threatened, promised anything or pressured in any way to sign the waiver and that he had freely and voluntarily signed his name. He did testify, however, that he did not understand the waiver at the time it was explained to him. The finding of the trial court upon *voir dire* that the statements made by the defendant to the officers were freely, voluntarily and understandingly made is supported by competent evidence and must be sustained. *State v. Perry,* 212 N.C. 533, 193 S.E. 727 (1937) ; *State v. Caldwell,* 212 N.C. 484, 193 S.E. 716 (1937) ; *State v. Stamey,* 6 N.C. App. 517, 170 S.E. 2d 497 (1969), *aff'd, State v. Austin,* 276 N.C. 391, 172 S.E. 2d 507 (1970), *cert. denied,* 400 U.S. 842, 91 S.Ct. 85, 27 L.Ed. 2d 78 (1970).

[3]  Defendant next assigns as error the failure of the trial court to grant his motion for judgment as of nonsuit. The defendant asserts that the only evidence linking the defendant to the death of his wife was the testimony of Gladys Jones and the two officers as to statements made by the defendant that he had stabbed his wife in the head. The coroner testified as to the butcher knife still being inbedded in the deceased's head when he arrived at the morgue, but he also testified that the cause of death was a stab wound in the chest. The defendant asserts that since the State put on no evidence showing that he had stabbed his wife in the chest that there was no evidence he had proximately caused the death of his wife and that his motion for judgment as of nonsuit should have been granted. Taking the evidence in the light most favorable to the State, and giving the State the benefit of all reasonable inferences therefrom, we find the evidence sufficient to go to the jury.

We have considered the defendant's other assignments of error and find them without merit. We find no error.

No error.

Judges HEDRICK and BALEY concur.