State v. McDonald

STATE OF NORTH CAROLINA v. DAVID N. McDONALD

No. 7619SC623

(Filed 2 March 1977)

1. Criminal Law § 66— identification testimony — pre-trial lineup

The trial court in an armed robbery case properly denied defendant's motion to suppress eyewitness identification testimony on the ground that pre-trial identification procedures were impermissibly suggestive where the evidence supported findings by the court that defendant voluntarily and understandingly waived his right to have counsel present at the lineup at which the witnesses identified him, and that the in-court identifications were of independent origin based solely on what the witnesses saw at the time of the robbery.

2. Criminal Law § 66— lineup after arrest — inapplicability of Article 14 of G.S. Ch. 15A

Defendant's contention that in-court identification testimony should have been suppressed because the State failed to comply with the procedures of Article 14 of G.S. Ch. 15A in conducting a lineup is without merit since Article 14 has no application where defendant has already been arrested when the lineup takes place.

**3. Criminal Law § 66— identification testimony — legality of arrest**

There is no merit in defendant's contention that in-court identi-
fication testimony should have been suppressed because his arrest was
illegal where the arresting officer had probable cause to arrest de-
fendant without a warrant for a felony based on his knowledge that
defendant had been identified from a photograph as the perpetrator
of an armed robbery; furthermore, even had there been any illegality
in the arrest, the identification testimony was not so directly connected
with the arrest as would require application of an exclusionary rule.

APPEAL by defendant from *Hobgood, Judge.* Judgment en-
tered 2 March 1976 in Superior Court, ROWAN County. Heard
in the Court of Appeals 11 January 1977.

Defendant was indicted for armed robbery of Opal Sisk.
He pled not guilty. At the trial Mrs. Sisk testified that defend-
ant was the person who pointed a pistol at her on the night of
25 November 1975 when she was on duty at a 7-Eleven Food
Store, demanded she open the cash registers, took $116.00
from the registers, and then left the store. Mrs. Sisk's sixteen
year old daughter, who was in the store at the time, also iden-
tified defendant as the robber. Mrs. Lorraine Adams, a cus-
tomer who left the store only minutes before the robbery
occurred, identified defendant as being in the store while she
was there.

Defendant testified and denied he committed the robbery.
He testified that at the time the robbery occurred he was at
the home of his grandparents, which was located about a mile
from the store. Defendant's girl friend corroborated his alibi.

The jury found defendant guilty, and from judgment im-
posing a prison sentence, defendant appealed.

*Attorney General Edmisten by Associate Attorney Al S.
Hirsch for the State.*

*Max Busby and Richard F. Thurston for defendant appel-
lant.*

PARKER, Judge.

Prior to trial defendant moved to suppress the testimony
of the State's eye-witnesses identifying him as the robber on
the grounds: (1) pre-trial identification procedures had been
impermissibly suggestive; (2) the provisions of G.S. Ch. 15A,
Article 14, had not been complied with; and (3) his arrest had

State v. McDonald

been illegal. After a lengthy voir dire · examination, the court entered an order making detailed findings of fact and conclusions of law on the basis of which the court denied defendant's motion. This ruling is the subject of defendant's first assignment of error. We find no error.

[1]   The court's findings of fact fully support its conclusions that no impermissibly suggestive pre-trial identification procedures took place. There was ample competent evidence to support these findings of fact, and they are conclusive on this appeal. *State v. Stamey,* 6 N.C. App. 517, 170 S.E. 2d 497 (1969). The court on competent evidence found that defendant both orally and in writing waived his right to have counsel present at the pre-trial lineup which was conducted following his arrest on 28 November 1975 and at which both Mrs. Sisk and Mrs. Adams identified him. There was also competent evidence to support the court's findings and conclusions that defendant's waiver of right to presence of counsel was made by him freely, voluntarily, and understandingly, and after he had been informed of his right to have his attorney present during the lineup. Defendant was represented at the voir dire hearing by privately retained attorneys, and he does not contend on this appeal that he was indigent or unable to employ an attorney when the lineup took place. On the contrary, he testified at the voir dire examination that he tried to call his lawyer, but found he was not available. Moreover, the court's detailed findings of fact also fully support its conclusions that the in-court identification testimony of the State's witnesses Sisk and Adams was of independent origin based solely on what they observed when they saw defendant in the 7-Eleven Store on the night the robbery occurred and that their identification of defendant did not result from any pre-trial identification procedures. These findings were also fully supported by ample competent evidence. Thus, even had there been any primary illegality in the pre-trial identification procedures, and none was here shown, the witnesses' in-court identification testimony would have been admissible. *See State v. Smith,* 278 N.C. 476, 180 S.E. 2d 7 (1971); *State v. Austin,* 276 N.C. 391, 172 S.E. 2d 507 (1970); *see also State v. Henderson,* 285 N.C. 1, 203 S.E. 2d 10 (1974).

[2]   Defendant's contention that his motion to suppress should have been allowed because of the State's failure to observe the procedures prescribed in Article 14 of Chapter 15A of the Gen-

eral Statutes misses the mark. That Article provides an investigative procedure, not previously available in this State, for use in cases where there is reasonable grounds to *suspect* that a particular person committed an offense punishable by imprisonment for more than one year but where there is yet lacking a sufficient basis for making a lawful arrest. Article 14 of G.S. Ch. 15A has no application in a case such as the one now before us where defendant had already been arrested when the lineup procedure took place.

[3] Finally, we find no merit in defendant's contention that his motion to suppress should have been allowed because his warrantless arrest was illegal. The record reveals that defendant was arrested by Officer Carl Fite of the Rowan County Sheriff's Department. "An officer may arrest without a warrant any person who the officer has probable cause to believe . . . [h]as committed a felony." G.S. 15A-401(b)(2)a. Here, although Officer Fite had not personally participated in investigation of the robbery for which defendant was arrested, the record shows that at the time he made the arrest he knew that defendant had been identified from a photograph by one of the eye-witnesses as the man who was involved in the robbery. The arresting officer thus had probable cause to believe defendant had committed a felony. Therefore, the arrest was lawful. Moreover, even had there been any illegality in the arrest, and none was here shown, the testimony which defendant sought to suppress was not so directly connected with the arrest as would have required application of an exclusionary rule. Defendant's first assignment of error is overruled.

Defendant's second assignment of error is based on two exceptions to the court's charge to the jury. Defendant contends that in each instance the court made a misstatement in summarizing the evidence. We have carefully considered the portions of the charge to which exception was taken in the light of the evidence in the record, and when we consider the court's charge contextually, we find no prejudicial error.

There was ample evidence to justify submission of the case to the jury and to support its verdict. Defendant's motions to dismiss and to set the verdict aside as being against the evidence were properly denied.

In defendant's trial and in the judgment appealed from we find

No error.

Judges MARTIN and ARNOLD concur.