STATE OF NORTH CAROLINA v. JIMMY LEE WINGARD

No. 7026SC513

(Filed 18 November 1970)

1. Criminal Law § 66— validity of in-court identification of defendant — sufficiency of findings and evidence

Trial court's findings and conclusion that the State witness' in-court identification of the defendant as the perpetrator of a common law robbery was of independent origin and was not tainted by any illegal out-of-court confrontation, *held* supported by plenary evidence.

2. Criminal Law § 175— findings on voir dire — review on appeal

Findings of the trial court upon *voir dire* are binding on appeal when supported by competent evidence.

APPEAL by defendant from *Anglin, J.,* 1 June 1970 Schedule "C" Criminal Session, MECKLENBURG Superior Court.

The defendant was charged in a bill of indictment, proper in form, with common law robbery. Upon a plea of not guilty,

the jury returned a verdict of guilty as charged. From a judgment imposing a ten-year sentence, the defendant appealed to the North Carolina Court of Appeals.

*Robert Morgan, Attorney General, and Howard P. Satisky, Staff Attorney, for the State.*

*Lacy W. Blue for defendant appellant.*

HEDRICK, Judge.

[1] The appellant assigns as error the court's allowing the in-court identification of the defendant by the State's only witness, Barbara R. Jones. The appellant contends that the in-court identification of the defendant by the witness was tainted by an out-of-court confrontation. After a *voir dire* examination of the witness, the court made the following findings of fact and conclusion of law:

"That Mrs. Barbara Jones observed the man who hit Robert Gainey for a period of about ten minutes while such man was in the store during the time the robbery occurred; that she told the police that this man was very short, about five feet three or four inches tall, with 'African Bush' hair and protruding teeth; that about two weeks after the robbery a detective showed her photographs of two men and a woman and asked her about identifying them; that she told the detective she could identify the man if she saw him, but not from the photographs shown to her; that one of the photographs was of the defendant; that after the robbery she first saw the man who hit Mr. Gainey in April, 1970 'in this courtroom' at his trial in another case; that the solicitor called his name and read charges against him; that she didn't know his name until then; that no one told her that he was in the instant robbery case; that in identifying the defendant she based her opinion on what she saw at the time of the robbery; that when she saw him in the courtroom in April, he was with Mr. Lacy Blue seated at a table; that Mr. Blue is his counsel in the instant case; that from clear and convincing evidence in-court identification of the defendant by the witness Barbara Jones is of independent origin based on what she saw at the robbery and does not result from any out-of-court confrontation or from any pretrial identification procedures suggestive and conducive to mistaken identification."

**[1, 2]** Findings of the trial court upon *voir dire* are binding on appeal when supported by competent evidence. *State v. Childs,* 269 N.C. 307, 152 S.E. 2d 453 (1967) ; *State v. Gray,* 268 N.C. 69, 150 S.E. 2d 1 (1966). We hold that there was plenary competent evidence to support the court's findings of fact, and clearly the findings justify the conclusion that the witness' in-court identification of the defendant as the perpetrator of the crime was of independent origin and not tainted by the out-of-court confrontation. *State v. Hughes,* 5 N.C. App. 639, 169 S.E. 2d 1 (1969) ; *State v. Keel,* 5 N.C. App. 330, 168 S.E. 2d 465 (1969).

We have carefully examined the entire record and hold that the defendant had a fair trial free from prejudicial error.

No error.

Chief Judge MALLARD and Judge PARKER concur.