STATE OF NORTH CAROLINA v. WILLIAM THOMAS SHORE

No. 7325SC814

(Filed 16 January 1974)

1. **Criminal Law § 66— legality of detention — fingerprints and photographs — identification in hallway**

   Evidence of identification of defendant from fingerprints and photographs and identification of defendant by robbery victims in the hallway of the police station was not inadmissible on the ground that the evidence was obtained during illegal detention of defendant where the court found upon competent evidence that defendant voluntarily accompanied an officer to the police station and allowed himself to be photographed and fingerprinted while in detention.

2. **Criminal Law § 66— in-court identification — independent origin**

   Robbery victims' in-court identifications of defendant were based upon their observations of defendant during the robbery and were not tainted by a pretrial photographic identification or by identification of defendant in the hallway of the police station.

3. **Criminal Law § 60— lifting of fingerprints — absence of finding witness is expert**

   The trial court did not err in the admission of testimony by an officer who lifted latent fingerprints without finding that the officer was an expert in "lifting" fingerprints where the officer merely described the method used in lifting the prints but stated no opinion as to whose fingerprints were lifted.

4. **Criminal Law § 60— fingerprints — chain of custody**

   The State's evidence established a sufficient chain of custody of lifted fingerprints to permit a fingerprint expert to give testimony concerning them where it showed that a police officer lifted the fingerprints and placed them on some stationery, that the stationery was sent to the expert in a sealed envelope by first class mail, that the expert received the unopened envelope and opened it with a letter

opener, and that the expert then used the prints in making comparison tests.

5. **Criminal Law § 112— charge on alibi — sufficiency**
    Although the desired form of pattern instruction on alibi was not offered, defendant received the benefit of an instruction on alibi when the court twice instructed the jury that witnesses had testified that defendant was not at the scene of the crime and therefore could not have committed it.

APPEAL by defendant from *Falls, Judge,* 16 July 1973 Session of Superior Court held in CATAWBA County. Argued in the Court of Appeals on 10 December 1973.

Defendant was charged in three bills of indictment with the felonies of armed robbery. From a verdict of guilty as charged in all three bills, defendant received two active sentences totaling fifty-two to sixty years in the State Prison, and a sentence of thirty years suspended upon stated conditions.

The State's evidence tended to show that on 7 June 1973, Capitol Credit Plan, Inc., a finance company in Hickory, North Carolina, and two individuals were robbed by two Negro males. Mr. Stephen Clark (Clark), an assistant manager of Capitol Credit Plan, observed the two males during the robberies for a period of five to seven minutes, neither of the two robbers wearing any form of disguise to hinder identification. Later that afternoon at the Hickory Police Headquarters, Clark identified one of the two robbers, Gallaway, from a group of eleven photographs. Clark was also requested to go to the Winston-Salem Police Department on the same day to view additional photographs. In Winston-Salem, Clark *selected* the defendant's photograph from a group of eight males as the man who held a gun on him during the course of the robberies.

Corporal F. M. Golics (Golics) of the Winston-Salem Police Department, on duty on 7 June 1973, was dispatched to the residence of one William Gallaway on Britt Drive in Winston-Salem. At the residence, Golics found a vehicle matching the description and bearing the same license number of the vehicle involved in the robbery in Hickory. While observing the vehicle, Golics observed Gallaway and defendant pull into the driveway of the residence on a motorcycle. When the two males left on the motorcycle, Golics apprehended them and requested them to follow him to the police station to talk with detectives there. The two males followed Golics voluntarily on the motorcycle.

At the police station defendant was informed that he was being detained for questioning with respect to a robbery in Hickory. Defendant was advised of his constitutional rights, photographed and fingerprinted. Defendant and Gallaway, at separate intervals, were taken into a hallway for the purpose of identification by witnesses at the scene of the robbery. Defendant was taken to Hickory where arrest warrants were issued and served upon his return.

Defendant's evidence tended to show that on 7 June 1973, defendant was at home until about 11:00 a.m. when he accompanied Gallaway to Town and Country Honda in Winston-Salem, that he was apprehended by Winston-Salem Police that afternoon while Gallaway was taking him home, and was taken to the police station.

*Attorney General Morgan, by Associate Attorney Hassell, for the State.*

*Wilson and Morrow, by John F. Morrow, for defendant.*

BROCK, Chief Judge.

Defendant contends that the trial court committed prejudicial and reversible error in admitting evidence of alleged identification of defendant from fingerprints and photographs taken while defendant was allegedly illegally detained. Defendant also contends that identification of defendant by witnesses for the State in the hallway of the police station during illegal detention deprived defendant of his constitutional rights of due process, and admission into evidence of such identification constituted reversible error.

At the conclusion of voir dire examination with respect to the circumstances surrounding the arrest of defendant, the trial judge found that defendant voluntarily accompanied the police to the police station; that defendant allowed himself to be fingerprinted and photographed while in detention; that defendant was identified in the hallway of the police station and by his photograph taken while in detention; and that defendant agreed to go to Hickory where a warrant for his arrest would be served on him for armed robbery. The trial judge concluded that the in-court identification of defendant by State's witnesses was not tainted by any outside confrontation but was based upon the identification made from observations during the course of the robberies.

[1, 2]   Findings of the trial court upon *voir dire* are binding on appeal when supported by competent evidence. *State v. Wingard,* 9 N.C. App. 719, 177 S.E. 2d 330. There was plenary competent evidence to support the trial judge's findings of fact, and the findings justify the conclusion that there was no illegal detention of defendant. The witnesses' in-court identification was not tainted by any outside confrontation but was of independent origin. This assignment of error is overruled.

[3]   Defendant contends that the trial court committed prejudicial error in allowing the State's expert witnesses on the lifting and comparison of fingerprints to state their opinions before the State had laid a proper foundation for the admission of such evidence. Specifically, the defendant initially contends that the testimony of Captain O. M. McQuire should have been stricken because of the failure of the trial court to have him qualified as an expert in "lifting" fingerprints. The testimony of Captain McQuire disclosed no opinion or intimation as to whose fingerprints were lifted. It merely described the method used in lifting the prints. This assignment of error is overruled.

[4]   Defendant also argues that the trial judge committed prejudicial error in allowing State's witness Stephen R. Jones to testify as to the comparison of the latent fingerprints submitted by Captain McQuire with the fingerprints of defendant on the fingerprint card taken while defendant was in detention. Defendant does not challenge Jones as an expert witness but rather contends that the State failed to lay a proper foundation for the introduction of this evidence by failing to show a proper "chain of custody."

The sequence of events constituting the chain of custody shows that Captain McQuire "lifted" the latent prints and placed them on letterhead stationery from Capitol Credit. The stationery was then sent along with a fingerprint card of defendant's fingerprints to the State Bureau of Investigation in a sealed envelope, first class mail. The envelope was received, unopened, by Jones when his secretary carried the envelope from the S.B.I. mailroom to his desk. Jones then opened the envelope with a letter opener. Jones took the materials within, ran his comparison tests, and concluded that latent prints on the stationery and prints on the fingerprint card were identical.

We fail to see how the chain of custody was broken. This assignment of error is overruled.

[5]  Defendant contends that the failure of the trial court to instruct the jury on the affirmative defense of alibi constituted prejudicial error. The recent case of *State v. Hunt*, 283 N.C. 617, 197 S.E. 2d 513 (1973), holds that the trial court is required to give an instruction as to alibi only when requested by defendant. This decision changes the old law that the trial judge must instruct the jury on the defense of alibi, even absent a request by defendant for such instruction. The *Hunt* decision, *supra*, was rendered on 12 July 1973. The instant case went to trial on 17 July 1973. The earlier date of the two advance sheets containing *Hunt, supra*, is dated 16 August 1973.

Even if we should concede, which we do not, that defendant does not fall under the scope of *Hunt, supra*, because of the lapse between the time the decision was rendered and the first report in the advance sheets, we cannot agree with defendant's contention. The record of the trial reveals that the trial judge, in recapitulating testimony, twice stated alibis proffered on behalf of the defendant. Although the desired form of pattern instruction on the defense of alibi was not offered, in substance, defendant twice received the benefit of the instruction that witnesses testified that he was not at the scene of the robbery on the date and time in question but was elsewhere, and could not, therefore, have committed the act, alone or in concert. This assignment of error is overruled.

For the reasons stated, we find the defendant had a fair trial, free from prejudicial error.

No  error.

Judges MORRIS and CARSON concur.