STATE OF NORTH CAROLINA v. RONALD F. JACKSON

No. 7420SC793

(Filed 15 January 1975)

**1. Criminal Law § 155.5— record on appeal — time for filing**

Defendant's appeal is subject to dismissal where the record on appeal was filed more than ninety days after the date of the judgment appealed from.

**2. Criminal Law § 177— case remanded to lower court for new trial — time for placing on trial docket**

Literal compliance with the provision of G.S. 15-186 that "in criminal cases where the judgment is not affirmed the cases shall be placed upon the docket for trial at the first ensuing criminal session of court after receipt" of the certificate of the opinion of the appellate division is not necessary where extraordinary circumstances exist.

State v. Jackson

3. **Constitutional Law § 30; Criminal Law § 177— new trial — 7½ month lapse between award of new trial and new trial — no denial of speedy trial**

Defendant's right to a speedy trial was not abridged, though seven and one-half months elapsed between the certification date of the opinion of the Court of Appeals awarding him a new trial and the date of his retrial, where the criminal court docket was very heavy, defendant made no motion for a speedy trial until two months before his second trial, and there were a number of prisoners in jail awaiting trial, a number of jail cases were calendared, and defendant had been out on bail for nine months before his retrial.

4. **Criminal Law § 15; Jury § 2— change of venue — special venire — motions properly denied**

Defendant failed to show that the trial court abused its discretion in denying his motion for a change of venue pursuant to G.S. 1-84, or in the alternative for a special venire from another county pursuant to G.S. 9-12.

5. **Constitutional Law § 31— confidential informant — identification not required**

Defendant's motion to compel disclosure of an informant's identity was properly denied where there was evidence tending to show that defendant's attorney claimed to know already the informant's identity but made no effort to talk with him or secure his presence at trial and where the information supplied by the informant played no part in the conviction of the defendant.

6. **Criminal Law § 66— in-court identification of defendant — observation at crime scene as basis**

In an armed robbery prosecution an in-court identification of defendant by his victims was based on their observation of him at the crime scene and it was not rendered inadmissible because of pre-trial photographic identification or a confrontation between defendant and one of the witnesses in a courtroom arranged for the purpose of identification.

7. **Criminal Law § 62— polygraph evidence inadmissible**

The trial court in an armed robbery prosecution did not err in refusing to allow the results of a polygraph examination into evidence.

8. **Constitutional Law § 31; Criminal Law § 73— admission of arrest complaint and warrant — confrontation with witnesses — no hearsay**

Defendant's assignment of error to the admission into evidence of the arrest complaint and warrant on the ground that such evidence constituted double hearsay is overruled where the warrant was prepared from statements made by the State's witnesses who were allegedly robbed by defendant, both witnesses testified regarding the same matters at trial under oath and without objection, and both witnesses were available for cross-examination and observation at that time.

Chief Judge BROCK dissenting.

---

State v. Jackson

---

APPEAL by defendant from *Copeland, Special Judge,* 15 April 1974 Session of Superior Court held in UNION County, and from *Seay, Judge,* 6 May 1974 Session of Superior Court held in Union County. Heard in the Court of Appeals 10 December 1974.

This is a criminal action in which the defendant was charged with armed robbery in violation of G.S. 14-87. Following his plea of not guilty, the defendant was first tried before Chess, Judge, 12 March 1973 Special Criminal Session of Superior Court held in Union County. Upon the jury's verdict of guilty as charged, judgment was entered sentencing the defendant to be imprisoned for a term of not less than ten years nor more than fifteen years. Defendant appealed.

In our opinion filed 12 September 1973, bearing a certification date of 24 September 1973, we granted defendant a new trial. In defendant's second trial pretrial defense motions were heard before Copeland, Special Judge, 15 April 1974 Special Criminal Session of Superior Court held in Union County. Thereafter, defendant was tried before Seay, Judge, 6 May 1974 Criminal Session of Superior Court held in Union County. Upon defendant's plea of not guilty, the jury returned a verdict of guilty as charged. From judgment imposing a sentence of not less than ten nor more than fifteen years, defendant appealed.

Additional facts necessary for decision are set forth in the opinion.

*Attorney General Edmisten, by Assistant Attorney General Magner, for the State.*

*David R. Badger for defendant appellant.*

MORRIS, Judge.

[1] Rule 5 of the Rules of Practice in the Court of Appeals provides that the record on appeal must be "docketed within ninety days after the date of the judgment, order, decree, or determination appealed from." In this case judgment was entered on 10 May 1974. The record on appeal was filed more than 90 days later, on 26 August 1974. No extension of time for docketing the record on appeal appears in the record. For defendant's failure to comply with Rule 5, his appeal is subject to dismissal. In our discretion, however, we have decided to treat defendant's appeal as a petition for certiorari and to grant the

State v. Jackson

petition in order that the case may be considered on its merits. *State v. Small,* 20 N.C. App. 423, 201 S.E. 2d 584 (1974).

In his first assignment of error the defendant contends that the trial court erred in denying his motion to dismiss the indictment for failure of the prosecution to accord him his constitutional right to a speedy trial. Defendant bases this contention in part on the fact that approximately seven and one-half months passed from 24 September 1973, the certification date of the opinion of this Court awarding him a new trial, until 8 May 1974, the date of his retrial. During this period eight sessions of superior court were held in Union County before the defendant's case was placed on the calendar for trial. At the 8 March 1973 hearing on the defendant's pretrial defense motions, the trial court found that the reason for this delay was the heavy criminal case load in Union County, the number of prisoners in jail awaiting trial, the number of calendared jail cases and, the fact that no motion for a speedy trial was made by the defendant until 8 March 1973, some two months before his second trial. It also was noted that the defendant had been out on bail since August 1973. On the basis of these findings, the trial court concluded as a matter of law that under the circumstances, the District Attorney had proceeded as rapidly as he could with the trial of these cases and that no prejudice had resulted to the defendant from the delay. Defendant's motion for dismissal of the indictment for want of a speedy trial therefore was denied. On appeal, defendant cites G.S. 15-186 in support of his contention that the denial of this motion was error. We disagree.

[2]   G.S. 15-186, in full, provides as follows:

*"Procedure upon receipt of certificate of appellate division.* —The clerk of superior court in all cases where the judgment has been affirmed (except where the conviction is a capital felony), shall forthwith on receipt of the certificate of the opinion of the appellate division notify the sheriff, who shall proceed to execute the sentence which was appealed from. *In criminal cases where the' judgment is not affirmed the cases shall be placed upon the docket for trial at the first ensuing criminal session of the court after the receipt of such certificate."* (Emphasis supplied.)

Although we have been unable to find any North Carolina cases construing the pertinent portion of this statute, we interpret its language as merely a directive to the clerk of superior court

as to steps to take when the appellate division has affirmed or failed to affirm the trial court's judgment. Where, as here, a new trial was granted on appeal, the clerk is directed to schedule a case for retrial at the first ensuing session of court following receipt of the certificate ordering a new trial. We do not interpret the statute as a compelling mandate that the case actually be tried at the first ensuing session of court. We also are of the opinion that literal compliance with the statute is not necessary where exceptional circumstances arise or good cause for delay in scheduling the case for retrial exists. We find that statutes in other jurisdictions support this view. In our research we have found several comprehensive statutes dealing with the matter of retrial following remand by an appellate court. Arizona and California, for example, require retrial within 60 days after the order granting a new trial. ARIZ. REV. STAT. ANN., Rule 8.2(d) of the Arizona Rules of Criminal Procedure (1973) ; CAL. PENAL CODE, § 1382, (West Supp. 1974). Florida requires retrial within 90 days after the new trial order, FLA. STAT. ANN., Rule 3.191(g) of the Florida Rules of Criminal Procedure, (West Supp. 1971), and although the speedy trial statute in Illinois does not specifically refer to retrial situations, ILL. ANN. STAT., Ch. 38, § 103-5 (Smith-Hurd 1970), case law in that state has interpreted the statute to apply to retrial situations and to require retrial within 120 days after the order granting a new trial. Where the case against a defendant is not brought to trial within the time period specified, each statute ordinarily provides for dismissal of that particular case. We find it significant, however, that even these statutes provide that "exceptional circumstances" justify an extension of the time periods set forth and that dismissal of the case against a defendant is not required where there is "good cause" for delay in his retrial.

We feel that the so-called "good cause provisions" of the cited statutes give support to our view that literal compliance with G.S. 15-186 is not necessary where extraordinary circumstances exist. We hold that where a good cause for delay in the scheduling of a case for retrial is present, the case may be rescheduled for trial at a later session of court so long as defendant's constitutional right to a speedy retrial is not denied.

Whether there is good cause for delay in the scheduling of a case for retrial and whether the defendant has been denied his constitutional right to a speedy retrial must be answered in

light of the facts in a particular case. In answering these questions the same principles applied by our courts in deciding whether a defendant has been denied his right to a speedy trial should be applied.

[3] Applying these principles to the case at bar we hold that the congestion of the criminal court docket in Union County was a good cause for delay in scheduling defendant's case for retrial under G.S. 15-186 and that defendant's motion for dismissal of the indictment was properly denied. "The congestion of criminal court dockets has consistently been recognized as a valid justification for delay" in the trial of a defendant in this State. *State v. Brown*, 282 N.C. 117, 124, 191 S.E. 2d 659 (1972). Moreover, it is well settled that "length of delay in absolute terms is never *per se* determinative" in deciding whether a defendant's constitutional right to a speedy trial has been violated. "The length of the delay, the cause of the delay, prejudice to the defendant, and waiver by defendant are interrelated factors to be considered in determining whether a trial has been unduly delayed." *State v. Brown, supra*, at 123. See *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed. 2d 101 (1972). With respect to each of these factors we find competent evidence in the record to support the trial court's findings, and they are binding on appeal. *State v. Wingard*, 9 N.C. App. 719, 177 S.E. 2d 330 (1970), appeal dismissed 277 N.C. 459 (1970); *State v. Shore*, 20 N.C. App. 510, 201 S.E. 2d 701 (1974), no error 285 N.C. 328 (1974). Defendant's first assignment of error is overruled.

[4] Defendant next contends that the trial court erred in denying his pretrial motion for a change of venue pursuant to G.S. 1-84, or in the alternative for a special venire from another county pursuant to G.S. 9-12. Defendant maintains that newspaper articles published prior to his trial made it impossible for him to obtain a fair trial in Union County and that, therefore, his motion should have been granted. We find defendant's contention without merit. Our courts have consistently held that a motion for removal to an adjacent county or to cause a jury to be selected from an adjacent county on the grounds of unfavorable publicity is addressed to the sound discretion of the court, and that absent a showing of abuse of discretion the decision of the trial court is not reviewable. *State v. Brown* and *State v. Maddox* and *State v. Phillips*, 13 N.C. App. 261, 185 S.E. 2d 471 (1971) and cases cited therein, cert. denied and appeal dis-

missed 280 N.C. 723 (1972). Here, defendant has failed to show an abuse of discretion on the part of the trial court. Furthermore, we note that all of the publicity referred to by the defendant was favorable to his case and did not prejudice him in any way. For the foregoing reasons, this assignment of error is overruled.

[5] Defendant's third assignment of error relates to the denial of his motion to compel disclosure of an informant's identity. At the 8 March 1974 hearing on pretrial defense motions, counsel for the defendant suggested that the initial information concerning the defendant's alleged participation in the robbery, and further information leading to the identification of the defendant as a participant, may have been provided in bad faith. Defense counsel further claimed on information and belief that the informant had suppressed knowledge which tended to substantiate defendant's alibi and that disclosure of the informant's identity was therefore necessary to insure a fair determination of defendant guilt or innocence. After carefully reviewing the record we conclude defendant's motion was properly denied. Evidence in the record shows that the defendant's attorney claimed to know already the informant's identity but made no effort to talk with him or secure his presence at trial. Additionally, information supplied by the informant played no part in the conviction of the defendant. The State's two major witnesses were victims of the robbery and gave the jury positive identification of the defendant as a participant in the crime.

[6] In his fourth assignment of error defendant charges that the trial court erred in denying his motion to suppress the identification testimony. First, he argues that the photographic display shown to each of the two identification witnesses for the State was too limited. The record shows that each witness was shown a group of six photographs which included two photographs of the defendant and a single photograph of each of four other men. Defendant attaches great importance to the fact the photographs were of varying sizes and that only the defendant was depicted wearing a moustache.

Next, the defendant argues that the confrontation between the defendant and one of the State's witnesses in a Wadesboro courtroom for purposes of identification was impermissibly suggestive to such a degree that it gave rise to a substantial likelihood of misidentification. After being shown the six photographs, one of the State's witnesses stated that the picture of the

State v. Jackson

defendant resembled the individual that robbed him and that he would like to view the defendant in person. The witness subsequently was taken to Wadesboro to the courtroom in which the defendant was standing trial for another offense, and the witness positively identified the defendant as a participant in the crime. On the basis of this identification, a warrant was prepared and served on the defendant. The question of the legality of these procedures is before us only for consideration if the trial court erred in finding that both of the State's witnesses had an opportunity to observe the defendant during the robbery and that neither was influenced by the photographic arrays or the confrontation procedure employed by members of the Union County Sheriff's Department and that each in-court identification was based solely upon what the witness saw at the time of the crime. As we noted in *State v. McPherson*, 7 N.C. App. 160, 171 S.E. 2d 464 (1970) and cases cited therein, aff'd, 276 N.C. 482, 172 S.E. 2d 50 (1970),

> "[s]uch finding must be based on clear and convincing evidence. *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed. 2d 1149; *State v. Stamey*, 3 N.C. App. 200, 164 S.E. 2d 547. [But] [w]here the evidence, as here, shows that the witness had a good and sufficient opportunity to observe a defendant at the time the offense was being committed, and testifies that his in-court identification is based on his observation made at that time, the test of 'clear and convincing evidence' is met and will support findings such as were made by the court in this case. *State v. Stamey*, 6 N.C. App. 517, 170 S.E. 2d 497. See also *State v. Gatling*, 275 N.C. 625, 170 S.E. 2d 593; *State v. Primes*, 275 N.C. 61, 165 S.E. 2d 225; *State v. Williams*, 274 N.C. 328, 163 S.E. 2d 353. . . ."

Here, both of the State's witnesses had a "good and sufficient opportunity to observe the defendant at the time the offense was being committed" and each witness testified that his in-court identification of the defendant was "based on his observation made at that time." After carefully reviewing the record, we conclude there was competent evidence to support the trial court's findings and they are binding on appeal. Therefore, defendant's fourth assignment of error is overruled.

[7] In his eighth assignment of error defendant contends the trial court erred in refusing to allow the results of a polygraph examination into evidence. Defendant recognizes the contrary

authority of *State v. Foye,* 254 N.C. 704, 120 S.E. 2d 169 (1961), in which the Supreme Court held that testimony regarding the results of lie detector tests was inadmissible. However, defendant maintains the *Foye* case left open the door for future acceptance of such testimony when the reliability of lie detector test results was more clearly demonstrated. He argues that today the polygraph's acceptability as an instrument of evidence in the trial of criminal cases has been established, at least to the extent that it might be employed as corroborative evidence with proper limiting instructions. Although we recognize the utility of the polygraph in the field of discovery and investigation, as did the Supreme Court in *Foye,* we do not feel compelled at this time to hold that testimony concerning the results of polygraph examinations should be admissible into evidence. In this regard we think it worthy of note that the polygraph examiner, himself, testified at the trial that in his opinion the polygraph had no place in the courts and only should be used as an investigative tool. Defendant's eighth assignment of error is overruled.

[8] Defendant's eleventh assignment of error relates to the admission of State's Exhibit No. 1, the arrest complaint and warrant. Defendant contends it was error to allow the warrant to be introduced into evidence as it constituted double hearsay in derogation of his right to confrontation, improper corroboration of the State's witnesses and improper rebuttal evidence. We are aware of the case of *State v. Spillars,* 280 N.C. 341, 185 S.E. 2d 881 (1972), in which the Supreme Court held "[i]t is error to allow a search warrant together with the affidavit to obtain search warrant to be introduced into evidence because the statements and allegations contained in the affidavit are hearsay statements which deprive the accused of his rights of confrontation and cross-examination. See *State v. Oakes,* 249 N.C. 282, 106 S.E. 2d 206." We do not approve the introduction into evidence of the complaint to obtain the warrant. In this case, however, we are of the opinion that the defendant was not prejudiced by its introduction. The statements and allegations contained in the warrant are clearly written hearsay, but the bases on which hearsay statements ordinarily are held inadmissible are not present here. The reasons generally given for excluding hearsay are "[t]he lack of an oath, the inability of the adversary party to confront the declarant, the absence of opportunity for cross-examination, for investigation of the declarant's character and motives and for observation of his

---

**State v. Jackson**

---

deportment, the intrinsic weakness of such evidence, and the danger of fraud and error in its reception." 1 Stansbury, N. C. Evidence, § 139, pp. 462-464 (Brandis Revision). In the case at bar the warrant was prepared from statements made by the State's witnesses who were allegedly robbed by the defendant. Both of these witnesses testified regarding the same matters at trial, under oath and without objection; moreover, both witnesses were available for cross-examination and observation at that time. As the reasons for excluding hearsay are not present, defendant's eleventh assignment of error is overruled.

We have carefully reviewed defendant's remaining assignments of error and find them to be without merit. Defendant received a fair trial free from prejudicial error.

No error.

Judge ARNOLD concurs.

Chief Judge BROCK dissents.

Chief Judge BROCK dissenting.

The majority opinion finds no prejudicial error in permitting the State to introduce into evidence the original warrant for defendant's arrest. The "warrant for arrest" within itself probably does not contain objectionable matter. However, as introduced into evidence by the State, the "complaint for arrest" was attached to the "warrant for arrest." The complaint reads as follows:

> "The undersigned, Frank McGirt, on information & belief, being duly sworn, complains and says that at and in the County named above and on or about the 30th day of Jan., 1973, the defendant named above did unlawfully, wilfully, and feloniously steal, and carry away personal property, to wit: approx. $300.00 in money, from the person and possession Bill Squires with the use of a firearm, to wit a pistol, whereby the life of Bill Squires endangered. The taking was accomplished by the commission of an assault upon Bill Squires through putting him in fear of bodily harm by threat of violence.

"The offense charged here was committed against the peace and dignity of the State and in violation of law. G.S. 14-87."

It is presumed that this document, regularly admitted into evidence without restriction, either was exhibited to the jury or its contents made known to them. *State v. Spillars,* 280 N.C. 341, 185 S.E. 2d 881. It seems that allowing the "complaint for arrest" to be placed in evidence permitted the State to strengthen its case with clearly incompetent hearsay evidence. This appears to be the exact evil referred to by our Supreme Court in *State v. Spillars, supra.*

As to the majority's disposition of all other assignments of error, I concur. However, because of what I conceive to be prejudicial error in the admission into evidence of the "complaint for arrest," I vote for a new trial.