STATE OF NORTH CAROLINA v. ROOSEVELT MICHAEL
ALEXANDER

No. 7526SC190

(Filed 21 May 1975)

1. **Constitutional Law § 30— 18 months between arrest and trial — no denial of speedy trial**

   The trial court did not err in denying defendant's motion to dismiss for the reason that defendant was not afforded a speedy trial where the evidence tended to show that there was a delay of more than 18 months from the date of the alleged offense and the date of trial, defendant made bail on the day of his arrest, for a period of time between his arrest and trial defendant was serving with the Army in Arizona, at no time did defendant move for a speedy trial, and there was no showing that defendant was prejudiced by the delay.

2. **Arrest and Bail § 3; Searches and Seizures § 1— warrantless arrest of automobile passenger — search of passenger proper**

   Where an informant who had given reliable information in the past advised an officer as to the make and color of an automobile that would be transporting heroin, where the vehicle would be thirty minutes later, that heroin would be carried by the passenger in the automobile, and that the informant had received the information from another person who was not identified, and where the officer went to the area specified by the informant and at the hour specified saw a vehicle meeting the description provided and occupied by the driver and a passenger, the officer had reasonable ground to believe that the passenger, defendant, was committing a felony and would evade arrest if not immediately taken into custody; furthermore, having made the arrest, the officer properly conducted a search of defendant's person as an incident to the arrest.

ON writ of *certiorari* to review judgment entered by *Copeland, Judge,* on 6 June 1974 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 8 May 1975.

In a bill of indictment, proper in form, defendant was charged with possession of heroin. He pled not guilty, a jury found him guilty as charged, and from judgment imposing prison sentence of five years, he appealed.

*Attorney General Edmisten, by Associate Attorney Wilton E. Ragland, Jr., for the State.*

*Robert F. Rush for defendant appellant.*

State v. Alexander

BRITT, Judge.

[1]   By his first assignment of error, defendant contends the trial court erred in denying his motion to dismiss for the reason that he was not afforded a speedy trial. This assignment has no merit.

Our courts have said many times that the word "speedy" cannot be defined in specific terms of days, months, or even years, therefore, the question whether a defendant has been denied a speedy trial must be determined in light of the facts in a particular case. The length and cause of the delay, prejudice to the defendant, and waiver by defendant are interrelated factors to be considered in determining whether a trial has been unduly delayed. *State v. Brown*, 282 N.C. 117, 191 S.E. 2d 659 (1972), and cases therein cited. *State v. Jackson*, 24 N.C. App. 394, 210 S.E. 2d 876 (1975).

While it appears that in the instant case there was a delay of more than 18 months from the date of the alleged offense and the date of trial, the trial court found, among other things, that defendant made bail on the date of his arrest, that for a period of time between his arrest and trial defendant was serving with the Army in Arizona, and that at no time did defendant move for a speedy trial. There was no showing that defendant had been prejudiced by the delay and his counsel stated that he was relying solely on the length of time between the date of arrest and the date of trial. We hold that the court did not err in denying the motion to dismiss.

[2]   By his second assignment of error, defendant contends the trial court erred in failing to suppress as evidence heroin which was found on defendant's person, arguing that the evidence was obtained by an illegal search and seizure. We find no merit in this assignment.

Following a voir dire hearing on defendant's motion to suppress, the court, on evidence presented, found facts summarized as follows: On 28 October 1972, M. F. Greene was a member of the Charlotte Police Department. At 9:00 a.m. on that date, while at his home, he received a telephone call from a person whose voice he recognized. Officer Greene had known this person for a considerable period of time, the person having provided information with respect to many violations of the law; the officer had found the informant reliable and on at least six occasions had obtained convictions of drug law violations on

evidence obtained as a result of the person's information. In this call, the informant advised that a large quanity of heroin would be transported in a green Corvette with black top; that said vehicle would pass from West Boulevard to Merryman Avenue at 9:35 a.m.; that the heroin would be dropped or disposed of in the area of West Boulevard and Merryman Avenue. The informant advised the officer that he had received the information from another person who was not identified and was unknown to the officer. Officer Greene immediately called police headquarters and requested that a car be sent to his home. He then called other police, provided them with the information he had received, and asked them to proceed to Merryman Avenue immediately. On receiving his car, which was unmarked, Officer Greene and a fellow officer proceeded to the intersection of West Boulevard and Merryman Avenue; at 9:35 a.m. he saw a green Corvette with black top turn from West Boulevard onto Merryman Avenue. Officer Greene and his fellow officer pursued the Corvette and it was stopped. The officers advised the two occupants of the car that they had information that there was heroin in the car and they were going to search it. Pursuant to the search, Officer Greene found on the person of defendant, the passenger, a prophylactic containing a substance that was later determined to be 65 percent pure heroin.

The trial judge concluded that the officer had reasonable grounds to believe that the person (defendant) to be arrested had committed a felony and that the person would evade arrest if not taken into custody immediately; that the search that was made of defendant was made incident to a lawful arrest.

Defendant argues that since Officer Greene's informant did not have personal knowledge that there was heroin in the car in question, but was relying on a tip from a person whose reliability was not established, the search of the vehicle and its occupants was illegal. We do not find this argument convincing.

In *Terry v. Ohio*, 392 U.S. 1, 20 L.Ed. 2d 889, 88 S.Ct. 1868 (1968), the court held, among other things, that the Federal Constitution does not forbid *all* searches and seizures, only unreasonable searches and seizures, and that there is no ready test for determining reasonableness of a search or seizure other than by balancing the need to search or seize against the invasion which the search or seizure entails.

In *Draper v. United States*, 358 U.S. 307, 3 L.Ed. 2d 327, 79 S.Ct. 329 (1959), federal narcotic agents learned from a re-

liable informant that a man would be arriving in Denver by train from Chicago and would be delivering a shipment of heroin; the man was described in detail but not named; when Draper left the train, the agents saw that he conformed to the description that had been given; thereupon, they stopped, arrested and searched Draper, finding heroin on his person. The court held that the arrest was lawful and the subsequent search and seizure, having been made incident to that lawful arrest, were likewise valid.

G.S. 15-41 clearly authorizes a peace officer, without a warrant, to arrest a person when the officer has reasonable ground to believe that the person to be arrested has committed a felony and will evade arrest if not immediately taken into custody. " . . . A warrantless arrest is based upon probable cause if the facts and circumstances known to the arresting officer warrant a prudent man in believing that a felony has been committed and the person to be arrested is the felon . . . . " *State v. Shore,* 285 N.C. 328, 335, 204 S.E. 2d 682 (1974).

In *State v. Allen,* 282 N.C. 503, 512, 194 S.E. 2d 9 (1973), in an opinion by Justice Branch, the court, in pointing out certain exceptions to the general rule that a valid search warrant must accompany every search and seizure, said:

"These exceptions arise when the exigencies of the situation call for unorthodox procedures. Such is the case when it is determined to be impractical, in light of all the circumstances, to obtain a search warrant. The courts have recognized three situations which justify application of this principle to a course of conduct ordinarily forbidden by the Fourth Amendment. (One may, of course, submit or consent to a warrantless search or seizure. [Citations omitted.])

"First, a warrantless search and seizure may be made when it is incident to a valid arrest. (Citations omitted.)

"Second, evidence obtained by officers without a search warrant is admissible in evidence where the articles are seized in plain view without necessity of search. (Citations omitted.)

"Third, a warrantless search of a vehicle capable of movement may be made by officers when they have prob-

able cause to search and exigent circumstances make it impractical to secure a search warrant. (Citations omitted.)"

In *United States v. Hill,* 442 F. 2d 259 (5th Cir. 1971), the court held that government officers, who received information from a reliable informant that non-tax-paid whiskey would be transported on a certain road in a particularly described automobile, and who observed such automobile on the road, had probable cause to believe that the automobile contained non-tax-paid whiskey which they were entitled to seize without a warrant, and the whiskey was admissible in evidence for prosecution for possession and transportation of non-tax-paid whiskey.

While the factual situation in *Adams v. Williams,* 407 U.S. 143, 32 L.Ed. 2d 612, 92 S.Ct. 1921 (1972), was different from that in the case at hand, we think the following language in the majority opinion by Justice Rehnquist (at 147) is relevant here:

> "In reaching this conclusion, we reject respondent's argument that reasonable cause for a stop and frisk can only be based on the officer's personal observation, rather than on information supplied by another person. Informants' tips, like all other clues and evidence coming to a policeman on the scene, may vary greatly in their value and reliability. One simple rule will not cover every situation. Some tips, completely lacking in indicia of reliability, would either warrant no police response or require further investigation before a forcible stop of a suspect would be authorized [sic] But in some situations—for example, when the victim of a street crime seeks immediate police aid and gives a description of his assailant, or when a credible informant warns of a specific impending crime—the subtleties of the hearsay rule should not thwart an appropriate police response."

In the case at bar, it is clear that the exigencies of the situation called for "unorthodox procedures" and that the obtaining of a search warrant was impractical. Not only did the informant advise Officer Greene as to the make and color of the automobile that would be transporting heroin, and where the vehicle would be some thirty minutes later, he also stated that the heroin would be carried by the passenger in the automobile. We think that when Officer Greene went to the area specified by the informant, and, at the hour specified, saw a vehicle meet-

ing the description provided and occupied by the driver and a passenger, the officer had reasonable ground to believe that the passenger, defendant, was committing a felony and would evade arrest if not immediately taken into custody. Having made the arrest, the officer properly conducted a search of defendant's person as an incident to the arrest.

We hold that defendant received a fair trial, free from prejudicial error.

No error.

Judges PARKER and VAUGHN concur.